[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 27, 2002, the plaintiff moved for a modification of pendente lite alimony and child support, asserting a substantial change in the financial circumstances of the parties.
The last pendente lite support order of the court was entered by Judge Domnarski on November 6, 2000. At that time, the court attributed to the husband a net income of $1,341.00[1] and a net income to the wife of $391.00[2], and awarded $340.00 per week in child support and $200.00 per week in alimony, pendente lite.
At the time of the hearing on the instant motion, the plaintiff had gross income of $1,490.00 per week and net income of $992.00 per week. The wife had gross income from employment of $ $706.65 per week and net income from employment of $471.38, after deducting $122.57 for medical insurance. Each of the parties had an unusual medical expense of $50.00 weekly for the counseling of their daughter, an expense made necessary by the husband's refusal to agree to a counselor on the list of treaters approved by the insurance carrier.
There has been a substantial change in circumstances in the derease in the husband's income and the in crease in the wife's. Based upon the net earnings of the parties, the Child Support Guidelines mandate a presumptive support amount of $393.00 per week, of which sixty-seven percent or $263.00 is attributable to the husband. A deviation is warranted because of the older daughter's psychological expense. State of Connecticut Regulations, Section 46b-215a-3(b)(3)(C). The husband is ordered to pay $300.00 per week in child support. In addition, the husband is ordered to pay $150.00 in pendente lite alimony.
The court does not order the wife to transfer the Volkswagon to the husband and does not order her to permit him use of it.
Orders will enter accordingly. CT Page 13702
BY THE COURT,
GRUENDEL, J.